**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| BOYSIN RALPH LORICK; | ) | Case No. 1-16-43194-nhl |
| CYNTHIA THERESA LORICK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## EMERGENCY MOTION FOR RECEIVER TO REMAIN IN POSSESSION

Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Movant"), files this Emergency Motion for Receiver to Remain in Possession (the "Motion"), and respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue over this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This matter is a core proceeding which may be heard and determined by this Court pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), and 157(b)(2)(G).

### BACKGROUND

4.     On July 20, 2016, (the "Petition Date"), Boysin Ralph Lorick and Cynthia Theresa Lorick (the "Debtors") jointly filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors are the owners of a four-story walkup apartment building with 38 apartments located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property").

6.      On or about September 13, 2005, Independence Community Bank, Movant's predecessor-in-interest, made a loan to the Debtors in the original principal amount of $2,250,000.00.  The loan was secured by a first mortgage on the Property.

7.      On January 30, 2013, Movant acting by and through Waterstone Asset Management LLC, its sub-special servicer, commenced an action to foreclose the first mortgage on the Property in the Supreme Court for the State of New York, County of Kings, Index Number 500469/2013 (the "Foreclosure Action").

8.      On June 3, 2016, the court in the Foreclosure Action entered an Amended Final Judgment of Foreclosure and Sale, providing for the scheduling of a foreclosure sale by Movant and noting that Movant was owed more than $3,668,619.69.

9.      Douglas Rosenberg (the "Receiver") was appointed receiver in the Foreclosure Action by order dated April 2, 2013 (the "Receiver Appointment Order").  See Affidavit of Douglas Rosenberg in Support of Motion for Receiver to Remain in Possession (the "Rosenberg Affidavit") ¶ 3, Ex. 1.  A true and correct copy of the Rosenberg Affidavit is attached hereto and incorporated herein by reference as Exhibit A.  The Receiver's appointment was initially stayed. By order in the Foreclosure Action dated October 24, 2014 (the "Order Vacating Stay") the stay on the receivership was vacated.  See id., Ex. 2.  Upon entry of the Order Vacating Stay, the Receiver assumed his duties, "including but not limited to, entering the [Property] to conduct an environmental site assessment."  Id.  An order was entered in the Foreclosure Action dated November 13, 2015 (the "Remediation Order," and together with the Receiver Appointment Order and Order Vacating Stay, the "Receivership Orders").  See id. ¶ 7, Ex. 3.  The

2

Remediation Order provides, in part, that the Receiver should "choose [the] best proposal for environmental remediation upon [Movant's] consent and shall be permitted to expend the funds to obtain the environmental remediation work and for the retainer of the engineer and [a]rchitect to facilitate the remediation work. Receiver shall also be permitted to solicit bids and expend funds to retain an electrician to cure the electrical defects." Id.

10.    The Property is located adjacent to a former dry-cleaning facility, Brighton Dry Cleaners. Id. ¶ 5. The Brighton Dry Cleaners is a "Recognized Environmental Condition" and a "New York Brownfields" site with confirmed contamination of soil and groundwater. Id. The neighboring drycleaners has allowed tetrachloroethene and tricholoroethene, toxic chemicals that pose a substantial health hazard to the tenants of the Property, to seep into the Property. Id. Movant sought to have the Receiver remediate the Property, and Movant has even offered to advance the funds for remediation. The Debtors objected to the proposed remediation of the Property. Id. ¶ 7. As a result, a hearing was held on November 13, 2015, in the Foreclosure Action. Id. Notwithstanding the Debtors' objections, the Remediation Order was entered. Id. Prior to the Petition Date and after entry of the Remediation Order, the Receiver retained the firm of Partner Engineering and Science, Inc. to remediate the environmental contamination at the Property. Notwithstanding the Receivership Orders and the Movant's offer to advance the funds for remediation, the Debtors refused to grant the Receiver and his agents access to the Property so that the Property could be remediated. Id.

11.    Additionally, the Debtors have failed to address other safety issues at the Property. For example, the electrical system in the basement of the Property was damaged by a fire prior to the appointment of the Receiver. Id. ¶ 6. Although it appears that the owner had begun to remedy the damaged electrical system, the electrical contractor ceased work when he

3

was not paid.  Id.  As a result of the fire, the Property's common areas drew power from individual tenant meters, resulting in several tenants receiving shut off notices from Con Ed, and a violation from the New York City Department of Buildings.  The electric system was only repaired upon actions ordered by the Receiver.  Id.  While remedying the damage to the electrical system, I discovered illegal electrical connections that afforded tenants free electricity and were likely connected with the knowledge and consent of the Debtors.  Id.

12.    The Property has been kept in an extremely dirty condition.  Id. ¶ 8.  Garbage is strewn all over the Property, including in the courtyard and basement.  Id.  Hypodermic needles can be found on the Property.  Id.  These conditions make it unsafe for the Property's tenants and those that would work at the Property, including those engaged to remediate the Property's environmental issues.  Id.  The Receiver has attempted to address this issue by hiring additional staff to clean the building.  Id.

13.    The Receiver is now unable to remediate the environmental contamination to the Property and otherwise keep the Property safe and habitable due to the Debtors' current Chapter 13 filing.  As a result, the Debtors are potentially endangering the Property's tenants.  It is imperative that the Receiver be permitted to retain possession of the Property, remediate any environmental issues and otherwise take actions in accordance with the Receivership Orders.

## **REQUEST FOR RELIEF**

### **I.    The Receiver Should Remain in Possession.**

14.    Section 543(d) of the Bankruptcy Code allows receivers to remain in place notwithstanding a debtor's bankruptcy filing.  That section provides, in relevant part:

> (d)  After notice and hearing, the bankruptcy court—
>
>> (1)  may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity

4

> security holders would be better served by permitting a custodian to
> continue in possession, custody, or control of such property. . .

11 U.S.C. § 543(d)(1).  Accordingly, where a court finds that the interests of creditors would be "better served" by the custodian continuing in its previous role, the custodian may administer the debtor's affairs by, *inter alia*, retaining property of the debtor, disbursing such property and otherwise complying with its charge under relevant law.  Section 543 therefore "does not always operate to divest a receiver of the debtor's property."  French Bourekas Inc. v. Turner, 199 B.R. 807, 818 (E.D.N.Y. 1997).

15.    When evaluating whether creditors would be better served by retention of a receiver, courts consider a number of factors, including: (1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the turnover property for the benefit of the creditors; (3) whether there has been mismanagement by the debtor; (4) whether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (5) the fact that the bankruptcy automatic stay has deactivated the state court receivership action.  Dill v. Dime Savings Bank (In re Dill), 163 B.R. 221, 224-25 (E.D.N.Y. 1994) (collecting cases citing similar factors); see also In re Lizeric Realty Corp., 188 B.R. 499, 506-07 (Bankr. S.D.N.Y. 1995) (citing similar factors).

16.    Applying these factors, courts within the Second Circuit have repeatedly granted motions for orders permitting state court receivers to continue in possession, custody and control of a debtors' property or to administer a debtor's property.  See In re 9281 Shore Road Owners Corp., 187 B.R. 837, 856 (E.D.N.Y. 1995) (referencing prior order of bankruptcy court permitting state court receiver to continue in possession, custody and control of debtor's building and declining to remove receiver from case upon remand to bankruptcy court); In re Dill, 163

5

B.R. at 226 (excusing receiver from turnover requirements); In re CCN Realty Corp., 19 B.R.

526, 528-29 (Bankr. S.D.N.Y. 1982) (excusing receiver from turnover requirement and

permitting it to administer the debtor).

17.      As reflected in the Rosenberg Affidavit, the Debtors have repeatedly violated the

Receivership Orders, mismanaged the Property, and otherwise demonstrated themselves unfit to

manage the Property.   Examples of the Debtors' mismanagement include:   the Debtors'

unwillingness to allow the Receiver to remediate significant environmental contamination even

though the costs of such remediation would be advanced by Movant, see Rosenberg Aff. ¶ 7; and

failing to maintain the Property in a habitable condition, see id. ¶¶ 6, 8.  If past behavior is any

indication, the Debtors will continue their pattern of mismanaging the Property, will fail to use

the Property for the benefit of creditors of the estate, and will fail to maintain the Property in a

safe condition, appropriate for a residential building.

18.      Based on the foregoing, the Receiver should remain in possession throughout the

pendency of this bankruptcy proceeding.[1]

WHEREFORE, in view of the foregoing, Movant respectfully requests that the Court

enter an order substantially in the same form as the order attached hereto as Exhibit B:

(i) granting the Motion; (ii) allowing the Receiver to remain in possession of the Property; (iii)

allowing the Receiver to remediate the Property's environmental issues; (iv) take actions

consistent with his duties under the Receivership Orders; and (v) ordering such other and further

---

[1] The Movant notes that the Debtors' debts exceed the limits set forth in Bankruptcy Code section 109(e) regarding who may be a debtor under Chapter 13 of the Bankruptcy Code.  The Movant is considering seeking dismissal or conversion of the Debtors' case on this basis and does not waive its rights regarding the same.

relief as is just and proper.


Dated:  August 3, 2016                    Respectfully submitted,


                                          _ /s/ Colin M. Bernardino_____
                                          Colin M. Bernardino, Esq. (Ga. Bar No. 054879)
                                          (Application for *pro hac vice* admission pending)
                                          KILPATRICK TOWNSEND & STOCKTON LLP
                                          1100 Peachtree Street, Suite 2800
                                          Atlanta, Georgia  30309
                                          Telephone:  (404) 815-6500
                                          Facsimile:  (404) 815-6555
                                          Email:  cbernardino@kilpatricktownsend.com

                                          and

                                          Keith Brandofino, Esq. (NY Bar No. KB 2128)
                                          KILPATRICK TOWNSEND & STOCKTON LLP
                                          31  West 52nd Street, 14th Floor
                                          New York, New York  10019
                                          Telephone: (212) 775-8700
                                          Facsimile: (212) 954-5555
                                          Email:  kbrandofino@kilpatricktownsend.com

                                          *Counsel for Wells Fargo Bank, as Trustee for the*
                                          *registered holders of Sovereign Commercial Mortgage*
                                          *Securities Trust, 2007-C1, Commercial Pass-Through*
                                          *Certificates, Series 2007-C1*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: )<br><br>BOYSIN RALPH LORICK; )<br>CYNTHIA THERESA LORICK, )<br><br>Debtors. )<br>  ) | Chapter 13<br><br>Case No. 1-16-43194-nhl |

---

### AFFIDAVIT OF DOUGLAS ROSENBERG IN SUPPORT OF
### EMERGENCY MOTION FOR RECEIVER TO REMAIN IN POSSESSION

STATE OF NEW YORK )
                              ) ss:
COUNTY OF KINGS )

DOUGLAS ROSENBERG, being duly sworn, deposes and states as follows:

1.     I am the Receiver (as defined below) appointed for the Property (as defined below) in the Foreclosure Action (as defined below). I submit this affidavit in support of the Emergency Motion for Receiver to Remain in Possession (the "Motion") filed by Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 ("Movant") in this bankruptcy proceeding. Unless otherwise stated, the matters stated in this affidavit are within my personal knowledge, which is wholly based on my review of relevant documents and/or information during the conduct of my duties as the Receiver for the Property. If I were called as a witness, I could and would testify competently to the factual statements set forth herein.

2.     Movant commenced an action to foreclose a first mortgage in the original principal amount of $2,250,000 on premises located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property") in the Supreme Court for the State of New York, County of

Kings, Index Number 500469/2013 (the "Foreclosure Action"). The Property is a four-story walkup apartment building with 38 apartments.

3.    I was appointed receiver (the "Receiver") in the Foreclosure Action by order dated April 2, 2013 (the "Receiver Appointment Order"). A true and correct copy of the Receiver Appointment Order is attached hereto as Exhibit 1. My appointment was initially stayed. By order in the Foreclosure Action dated October 24, 2014 (the "Order Vacating Stay"), the stay on my receivership was vacated. A true and correct copy of the Order Vacating Stay is attached hereto as Exhibit 2.

4.    Upon entry of the Order Vacating Stay, I assumed my duties as receiver over the Property, "including but not limited to, entering the [Property] to conduct an environmental site assessment."

5.    The Property is adjacent to the site of a former dry-cleaning facility, Brighton Dry Cleaners. Upon information and belief, the former Brighton Dry Cleaners is a "Recognized Environmental Condition" and is classified by the New York Department of Environmental Protection as a "New York Brownfields" facility with confirmed contamination of soil and groundwater. On or about May 8, 2014, Terracon Consultants, Inc. prepared an environmental assessment of the subject building, and thereafter conducted additional testing, which confirmed the existence of tetrachloroethene and tricholoroethene. These chemicals pose a substantial health hazard to the tenants of the Property. I have engaged the firm of Partner Engineering and Science, Inc. ("Partner") to remediate the Property's environmental contamination. Partner's proposed remediation work has been fully permitted, but due to the Debtors' Chapter 13 filing, the remediation work has not yet begun.

- 2 -

6.      The electrical system in the basement of the Property was damaged by a fire prior to my appointment as receiver. Although it appears that the property owners had begun to remedy the damaged electrical system, the electrical contractor ceased work when he was not paid. As a result of the fire, the Property's common areas drew power from individual tenant meters, resulting in several tenants receiving shut off notices from Con Ed, and, upon information and belief, a violation from the New York City Department of Buildings. As Receiver, I caused the Property's electrical problems to be corrected. While remedying the damage to the electrical system, I discovered illegal electrical connections that afforded tenants free electricity and were likely connected with the knowledge and consent of the Property's owners.

7.      As Receiver, I needed authorization in the Foreclosure Action to allow me to choose an environmental remediation proposal, to retain an engineer and an architect to facilitate the remediation, and to fund the remediation. The Property's owners, through their counsel, objected to the entirety of this relief. As a result, a hearing was held on November 13, 2015, in the Foreclosure Action. On the same day, the judge entered an order in the Foreclosure Action (the "Remediation Order") authorizing the relief sought. A true and correct copy of the Remediation Order is attached hereto as Exhibit 3.

8.      The Property has been kept in an extremely dirty condition. Garbage is strewn all over the Property, including in the courtyard and basement. Hypodermic needles can be found on the Property. These conditions make it unsafe for the Property's tenants and those that would work at the Property, including those engaged to remediate the Property's environmental issues. I have attempted to address this issue by hiring additional staff to clean the building.

- 3 -

9.    Due to the automatic stay, I am unable to remediate the environmental

condition or otherwise attempt to clean and maintain the Property.

DOUGLAS ROSENBERG

Sworn to before me this
_____ day of _____, 2016.

_____
Notary Public

JOSEPHINE VITI
Notary Public, State of New York
No. 24-4865814
Qualified in Kings County
Commission Expires May 31, 20__

- 4 -

**EXHIBIT 1**



At an IAS Term, Part Comm. — Part of the
Supreme Court of the State of New York
held in and for the Kings County, at the
Supreme Courthouse thereof, 360 Adams
Street, Brooklyn, New York 11201 on the
*2d* day of *April* , 2013.

PRESENT:

HON. BERNARD J. GRAHAM
Justice.

---

WELLS FARGO BANK, N.A., as Trustee for the
registered holders of Sovereign Commercial
Mortgage Securities Trust, 2007-C1, Commercial
Mortgage Pass-Through Certificates, Series 2007-
C1,

                      Plaintiff,

           - against -

BOYSIN LORICK, CYNTHIA LORICK, NEW
YORK CITY DEPARTMENT OF HOUSING,
PRESERVATION AND DEVELOPMENT, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD and "JOHN DOE NO. 1" TO "JOHN DOE
NO. 10" inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises described in the complaint,

                    Defendants.

Index No.: 500469/2013

EX PARTE ORDER
APPOINTING TEMPORARY
RECEIVER
IN COMMERCIAL
MORTGAGE
FORECLOSURE ACTION

Foreclosure of:
3126 Coney Island Avenue
Brooklyn, New York 11235

Block: 8678

Lot: 59

---

    Upon the Summons and Complaint herein, filed in the Office of the Kings County

Clerk on January 30, 2013, upon reading and filing the affidavit of Sumit Jain, an Asset Manager

of Waterstone Asset Management, LLC, sworn to January 29, 2013, and the affirmation of Keith

M. Brandofino, dated February 4, 2013, and it appearing to the satisfaction of the Court that

plaintiff WELLS FARGO, NATIONAL ASSOCIATION, as Trustee for the registered holders of

Sovereign Commercial Mortgage Securities Trust 2007-C1, Commercial Mortgage Pass-

4157442V.1 57301/853817

Through Certificates, Series 2007-C1, by and through ~~Watersong is~~ ~~~~ the Sub-Special Servicer brings this action to foreclose a mortgage (the "Mortgage") upon certain real and personal property situated in the Borough of Brooklyn, County of Kings, City and State of New York, Block 8678, Lot 59 on the Tax Map of Kings County, known by the street address 3126 Coney Island Avenue (the "Mortgaged Property"); that in and by the Mortgage it was covenanted that if default should be made in the payment of the principal sum or of the interest which should accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the rents and profits of the Mortgage Property were thereby assigned to the Lender; and it was further covenanted that the Lender should be at liberty immediately after any such default, to the appointment of a receiver of the Mortgaged Property and the rents and profits of the Mortgaged Property, and that the Lender shall be entitled to the appointment of such receiver as a matter of right, without consideration of the value of the Mortgaged Property or the solvency of any person or persons liable for the payment of such amounts; and

WHEREAS, it appears that the mortgage lien is in the original principal amount of $2,250,000.00 and is in default for the non-payment of the principal sum of $1,992,411.00, plus interest and other charges totaling in all in excess of $1,992,411.00; the Mortgaged Property does not appear to be adequate security for the Lender's mortgage indebtedness; the Mortgaged Property is occupied by tenants and has a substantial rental value, and the appointment of a receiver of the rents and profits of the Mortgaged Property is necessary for the protection of the Lender;

NOW, on motion of Kilpatrick Townsend & Stockton, LLP, counsel of record for the Lender, it is

ORDERED, that _Douglas K. Rosenye_ of _BPL Management Corp._ Telephone No. _(718) 852-1616_ be and he/she hereby is appointed, with the usual powers and directions, temporary receiver (the "Receiver") for the benefit of all the rents and profits now due and

2

4157442V.1 57301/853817

unpaid or to become due during the pendency of this action and issuing out of the Mortgaged

Property mentioned in the Complaint and described as 3126 Coney Island Avenue, Brooklyn,

New York, as more particularly described on attached Schedule A hereto;

ORDERED, that the Receiver is authorized to forthwith take charge and enter into

possession of the property; and it is further

ORDERED, that before entering upon his/her duties the Receiver execute an oath

that he/she will faithfully and fully discharge the trust committed to him/her and file said oath

with the Clerk of the Court and execute to the People of the State of New York and file with the

Clerk of this Court an undertaking in the penal sum of $ _195,000._ ___, conditioned for the

faithful discharge of his/her duties as the Receiver; and it is further

ORDERED, that the Receiver be and hereby is directed to demand, collect and

receive from the occupants, tenants, and licensee's in possession of the Mortgaged Property, or

other persons liable therefor, inclusive of defendant Boysin Lorick and Cynthia Lorick (the

"Borrower"), all the rents and license fees thereof now due and unpaid or hereafter to become

fixed or due and in the event that the Borrower is occupying the Mortgaged Property, the fair use

and occupancy of the space so occupied; and that the Receiver be and hereby is authorized to

institute and carry on all legal proceedings necessary for the protection of the Mortgaged

Property or to recover possession of the whole, or any part thereof, and/or apply to the Court to

fix reasonable rental value and license fee value and to compel the tenants and occupants to

attorn to the Receiver; and it is further directed that the Receiver may institute and prosecute

suits for the collection of rents, license fees and other charges now due or hereafter to become

due or fixed and summary or other proceedings for the removal of any tenants or licensees or

other persons therefrom; and may employ counsel for such purposes, with prior written leave or

authorization of the Court; and it is further

3

ORDERED, that pursuant to the provisions of the General Obligations Law § 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the Mortgaged Property shall turn same over to the Receiver within five (5) days after the Receiver shall have qualified; and thereupon the Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of this Court to be made and entered in this action; and it is further

ORDERED, that anybody in possession of same shall turn over to the Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements, relating to rental space or facilities in the Mortgaged Property; and it is further

ORDERED, that the Receiver be and is hereby authorized to make any reasonable and necessary ordinary repairs to the Mortgaged Property; not to exceed $1,000.00; and it is further

ORDERED, that the Receiver forthwith deposit all monies received by him/her at the time he/she receives the same in his/her own name as the Receiver in _in receiver_ and such account shall show the name of this action, and the Receiver shall not be permitted to make withdrawals therefrom except as directed by the Court herein or on a check signed by the Receiver and countersigned by the surety on his undertaking, and the Receiver shall send, on a monthly basis, a copy of the monthly statements of deposits and withdrawals for said account to the Lender's counsel, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, 21st Floor, New York, New York 10036 to the attention of Keith M. Brandofino, Esq.; and it is further

ORDERED, that the Receiver be and he/she is hereby authorized from time to time to rent or lease space and facilities for terms not exceeding one (1) year or such longer terms as may be required by the laws of the State of New York; to keep the Mortgaged Property

4

insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipality in which the Mortgaged Property is situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary, provided, however, that the Receiver shall not incur obligations in excess of the monies in his/her possession except upon Order of the Court; and it is further

ORDERED, that the tenants, licensees or other persons in possession of any part of the Mortgaged Property attorn to the Receiver and pay over to the Receiver all rents and license fees and other charges of such premises now due and unpaid, or that may hereafter become due; and that the Borrower be enjoined and restrained from collecting the rents and license fees and other charges of said premises and from interfering in any manner with the Mortgaged Property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the Mortgaged Property and other persons liable for the rents be and are hereby enjoined and restrained from paying any rent or license fees or other charges for the Mortgaged Property to the Borrower, its agents, servants or attorneys; and it is further

ORDERED, that all persons now or hereafter in possession of the Mortgaged Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to the Receiver, subject to emergency rent laws, if any; and it is further

ORDERED, that the Receiver is prohibited from incurring obligations in excess of the monies in his/her hand without further Order of this Court or written consent of the Lender's attorney; and it is further

ORDERED, that the Receiver, after paying the expenses of the management and care of the Mortgaged Property as above provided, retain the balance of the monies which may

5

4157442V.1 57301/853817

come into his/her hands until the sale of the Mortgaged Property under a judgment to be entered in this action and/or until further Order of the Court; and it is further

ORDERED, that the Receiver, or any party hereto, may at any time on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or authority necessary to enable the Receiver to properly fulfill his/her duties; and it is further

ORDERED, that the Borrower turn over to the Receiver all rents collected from and after the date of this Order; and it is further

ORDERED, that the Receiver named herein shall comply with Rule 36 of the Chief Judge, Section 35A of the Judiciary Law, Sections 6401-6404 of the Civil Practice Law and Rules and Sections 1325 of the Real Property Actions and Proceedings Law; and it is further

ORDERED, that, notwithstanding any other provision of this Order to the contrary, the Receiver shall not appoint an attorney, agent, appraiser, auctioneer or accountant, landlord-tenant counsel or any other secondary appointments without prior authorization of the Court.

ENTER:

HON. _____ JSC

HON BERNARD J GRAHAM

6

# EXHIBIT 2

FILED: KINGS COUNTY CLERK 11/05/2014 02:11 PM    INDEX NO. 500469/2013

NYSCEF DOC. NO. 183    RECEIVED NYSCEF: 11/05/2014

At an I.A.S. Trial Term, Part 6 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 17 day of October 2014

P R E S E N T :

Hon. Lawrence Knipel
_____
Justice

Wells Fargo Bank, N.A. as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007 - C1, commercial Mortgage Pass-through Certificates, series 2007 C1

Cal. No. 4

Index No. 500469/2013 (E)

- against -

Boysin Lorick, Cynthia Lorick et al.

**Plaintiff(s)**

**Defendant(s)**

| The following papers numbered 1 to read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

Upon the order to show cause seeking an order lifting the stay imposed on the receivership order dated September 24, 2014, the Affidavit of Emergency of Maximilian Rinaldi sworn to on September 23, 2014, the Affirmation in support of Keith M. Brandofino, Esq. dated September 23, 2014; upon the Affirmation in opposition of Frank Wharton, Esq. dated October 16, 2014; the motion having been heard on October 17, 2014; and due deliberation having been had thereon; IT IS ORDERED that:

The stay imposed on the Ex Parte order appointing temporary receiver, Douglas R. Rosenberg as receiver dated April 2, 2013 and entered on June 12, 2013 is vacated and the receiver shall assume his duties as receiver for 3126 Coney Island Avenue, Brooklyn, NY, including but not limited to, entering the premises to conduct an environmental site Assessment. The receiver shall post any bond as may be required by the order appointing receiver.

For Clerks use only

MG ✓

MD ___

Motion Seq. #
_____
S

ENTER

Hon. Lawrence Knipel J.S.C.

HON. LAWRENCE KNIPEL

EJV-rev 11-04

2014 OCT 24

# EXHIBIT 3

FILED: KINGS COUNTY CLERK 11/18/2015 03:43 PM

NYSCEF DOC. NO. 253

INDEX NO. 500469/2013

RECEIVED NYSCEF: 11/18/2015

CM-6

> At an I.A.S. Trial Term, Part of the Supreme
> Court of the State of New York, held in and for the
> County of Kings, at the Courthouse, located at
> Civic Center, Borough of Brooklyn, City and State
> of New York, on the 13 day of November 2015

P R E S E N T :

Hon. Laurence Knipel

_____ Justice

---

Wells Fargo Bank, N. A. et-al

Plaintiff(s)

- against -

Boysin Lorick, et-al.

Defendant(s)

Cal. No.

Index No. 500469/13

| The following papers numbered 1 to    read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed_____ | |
| Answering Affidavit (Affirmation)_____ | |
| Reply Affidavit (Affirmation)_____ | |
| _____Affidavit (Affirmation)_____ | |
| Pleadings - Exhibits_____ | |
| Stipulations - Minutes_____ | |
| Filed Papers_____ | |

Receiver's Order to Show cause is granted to the extent that Receiver choose best proposal for environmental Remediation upon Plaintiff's consent and shall be permitted to expend the funds to retain (Obtain) the environmental remediation (work) and for the retainer of the engineer and Architect to facilitate the remediation work. Receiver shall also be permitted to solicit (expend funds to) solicit bids and retain an electrician to cure( its) the electrical defects. Plaintiffs cross (cross) motion is granted to the extent that the Referee shall compute a revised amount due and Plaintiff shall

For Clerks use only

MG ✓✓✓

MD ___

Motion Seq. #

10, 11, 12

E-N-T-E-R

J.S.C.

EJV-rev 11-04

**PAGE 2**

INDEX# 500 469 -- 13          DATE 11/13/15

PLAINTIFF Wells Fargo   VS   DEFENDANT Losick

Submit a ~~Order~~ judgment on Notice to all parties
for entry and the court Shall permit Plaintiff
to file a ~~~~ Notice of Sale thereafter

ENTERED/SO ORDERED

**PAGE 2**

HON. LAWRENCE KNIPEL
SUPREME COURT JUSTICE

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| BOYSIN RALPH LORICK; | ) | Case No. 1-16-43194-nhl |
| CYNTHIA THERESA LORICK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

WHEREAS, this matter came on for a hearing before this Court upon the Emergency Motion for Receiver to Remain in Possession (the "Motion") filed by Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Movant"); and

WHEREAS, based upon the record before the Court, the Court finds that the interests of creditors would be better served by permitting the Receiver[2] to continue in possession, custody, or control of the Property.

NOW, THEREFORE, it is hereby

ORDERED, that the Receiver shall continue in possession, custody, or control of the Property pursuant to Bankruptcy Code section 543(d)(1); and it is further

ORDERED, that the automatic stay is lifted as to the Receiver for the limited purpose of allowing the Receiver to fulfill his duties under the Receivership Orders and any related orders in the Foreclosure Action, including without limitation, collection of rents and enforcing remedies against tenants, leasing vacation units, making repairs to the Property (in the Receiver's sole discretion), remediating environmental contamination on the Property, and paying any taxes or other assessments due and owing on the Property; and it is further

---

[2] All capitalized terms used in this Order and not otherwise defined shall have the meanings ascribed to them in the Motion.

ORDERED, that the Debtors shall turn over to the Receiver any notice, statement, or correspondence received by the Debtors and related to the Property within five (5) days of receipt by either of the Debtors; and it is further

ORDERED, that any disputes regarding the Property may be addressed with the state court in the Foreclosure Action, however, notwithstanding the foregoing, this Court shall retain jurisdiction over the Property and the Motion.

US2008 11664311 2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, a true and correct copy of the foregoing Motion was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in this chapter 13 case.

I further certify that the on August 3, 2016, a true and correct copy of the foregoing Motion was served upon the parties listed below, via First Class US Mail, postage prepaid.

Frank Wharton, Esq.
One Pierrepont Plaza, Floor 12
300 Cadmen Plaza West
Brooklyn, New York  11201

Marianne DeRosa
Standing Chapter 13 Trustee
125 Jericho Tpke, Suite 105
Jericho, New York  11753

United States Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, New York  11201-1833

Boysin Ralph Lorick
38 Utica Road
Edison, NJ 08820

Cynthia Theresa Lorick
38 Utica Road
Edison, NJ 08820

Dated: August 3, 2016

/s/ Colin M. Bernardino
    Colin M. Bernardino