Hearing Date: September 20, 2016 @ 10:30 a.m.
Objection Date and Time: September 13, 2016 @ 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| BOYSIN RALPH LORICK; | ) | Case No. 1-16-43194-nhl |
| CYNTHIA THERESA LORICK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## NOTICE OF HEARING ON MOTION TO DISMISS

**PLEASE TAKE NOTICE** that a hearing to consider approval of the Motion to Dismiss (the "Motion"), filed by Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 ("Movant"), will be held on **September 20, 2016 at 10:30 a.m.** before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, 271 Cadman Plaza East, Brooklyn, NY 11201, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers to the Motion must be filed with the Court and served on: (a) counsel for Movant, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, NE, Suite 2800, Atlanta, GA 30309, Attn: Colin M. Bernardino; (b) the Office of the United States Trustee for the Eastern District of New York (Brooklyn Office), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014; (c) Marianne DeRosa, Standing Chapter 13 Trustee, 125 Jericho Tpke, Suite 105, Jericho, New York  11753; (d) counsel for Debtors, Frank Wharton, Esq., One Pierrepont Plaza, Floor 12, 300 Cadman Plaza West, Brooklyn, New York 11201; and (e) those parties who have requested

service of papers in this case pursuant to Bankruptcy Rule 2002, so as to be received in hand no later than **September 13, 2016 at 4:00 p.m.**

Dated:  August 16, 2016

   /s/ Colin M. Bernardino  
Colin M. Bernardino, Esq. (Ga. Bar No. 054879)  
(Application for *pro hac vice* admission pending)  
KILPATRICK TOWNSEND & STOCKTON LLP  
1100 Peachtree Street, Suite 2800  
Atlanta, Georgia  30309  
Telephone:  (404) 815-6500  
Facsimile:  (404) 815-6555  
Email:  cbernardino@kilpatricktownsend.com

and

Keith Brandofino, Esq. (NY Bar No. KB 2128)  
KILPATRICK TOWNSEND & STOCKTON LLP  
The Grace Building  
1114 Avenue of the Americas  
New York, NY 10036-7703  
Telephone: (212) 775-8700  
Facsimile: (212) 954-5555  
Email:  kbrandofino@kilpatricktownsend.com

*Counsel for Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1*

Hearing Date: September 20, 2016 @ 10:30 a.m.
Objection Date and Time: September 13, 2016 @ 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| BOYSIN RALPH LORICK; ) | Case No. 1-16-43194-nhl |
| CYNTHIA THERESA LORICK, ) | |
| ) | |
| Debtors. ) | |
| ) | |

## MOTION TO DISMISS

Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Movant"), files this Motion to Dismiss (the "Motion"), and respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue over this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding which may be heard and determined by this Court pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A).

## BACKGROUND

4. On July 20, 2016, (the "Petition Date"), Boysin Ralph Lorick and Cynthia Theresa Lorick (the "Debtors") jointly filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors are the owners of a four-story walkup apartment building with 38 apartments located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property").

6. On or about September 13, 2005, Independence Community Bank, Movant's predecessor-in-interest, made a loan to the Debtors in the original principal amount of $2,250,000.00. The loan was secured by a first mortgage on the Property.

7. On January 30, 2013, Movant acting by and through Waterstone Asset Management LLC, its sub-special servicer, commenced an action to foreclose the first mortgage on the Property in the Supreme Court for the State of New York, County of Kings, Index Number 500469/2013 (the "Foreclosure Action").

8. On June 3, 2016, the court in the Foreclosure Action entered an Amended Final Judgment of Foreclosure and Sale, providing for the scheduling of a foreclosure sale by Movant and noting that Movant was owed more than $3,668,619.69.

9. On August 5, 2016, the Debtors filed their Schedules and Statement of Financial Affairs [ECF No. 12] (the "Debtors' Schedules").

10. Debtors assert that, as of the Petition Date, they have noncontingent, liquidated, secured debts totaling $4,310,600.56. See Debtors' Schedule D, Item 2. The Debtors assert that they are jointly responsible for all of these debts, except for a tax lien that they claim is owed solely by Debtor Boysin Lorick. See id.

## REQUEST FOR RELIEF

11. Section 109(e) of the Bankruptcy Code governs who may be a debtor under chapter 13 of the Bankruptcy Code, providing in relevant part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse … that owe, on the date of the

> filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175, and noncontingent, liquidated, secured debts of less than $1,149,525 may be a debtor under chapter 13 of this title

11 U.S.C. § 109(e). "To be eligible for relief under chapter 13, section 109(e) of the Bankruptcy Code provides that an individual debtor must have 'noncontingent, liquidated, … secured debt of less than $1,149,525.'" In re Shukla, 550 B.R. 204, 206 (Bankr. E.D.N.Y. Apr. 18, 2016) (quoting 11 U.S.C. § 109(e)). See also In re DeFeo, 2015 WL 7754003, *5-6 (Bankr. E.D.N.Y. Nov. 30, 2015) (section 109(e) establishes debt limits for chapter 13 debtors).

12. When a chapter 13 debtor whose debts exceed the limits set forth in section 109(e), dismissal is appropriate. See Shukla, 550 B.R. at 213 (ordering dismissal of chapter 13 case because debtor's unsecured debt exceeded limit set forth in section 109(e)); DeFeo, 2015 WL 7754003, at *6 (ordering dismissal of chapter 13 case where debtor's secured debt exceeded limit set forth in section 109(e)); In re Wimmer, 512 B.R. 498, 513 (Bankr S.D.N.Y. 2014) (ordering dismissal of debtors' chapter 13 case where either unsecured or secured debt limit was exceeded). Furthermore, dismissal should be accomplished through sections 109(e) and 105(a) without consideration of 1307(c).[1] See Wimmer, 512 B.R. at 513 (section 1307(c) applies to cases properly filed under chapter 13, section 109(e) serves a "gatekeeper function"). Indeed, courts may order dismissal of a chapter 13 case *sua sponte* when section 109(e) is violated. Id.

13. It is uncontroverted that the Debtors' noncontingent, liquidated, secured debts exceed the $1,149,525 limit set forth in section 109(e). See Debtors' schedule D, Item 2 (admitting the Debtors' noncontingent, liquidated, secured debts total $4,310,600.56).

---

[1] Cause would exist to dismiss the Debtors' case under section 1307(c) given that the case was filed on the eve of a foreclosure sale for the sole purpose of delay. (The Debtors' failure to file a plan in a timely fashion is additional evidence of this.)

5

Therefore, the Court should dismiss the Debtors' case. See Shukla, 550 B.R. at 213; DeFeo, 2015 WL 7754003, at * 6; Wimmer, 512 B.R. at 513.

WHEREFORE, in view of the foregoing, Movant respectfully requests that the Court enter an order substantially in the same form as the order attached hereto as Exhibit A: (i) granting the Motion; (ii) dismissing the Debtors' case; and (iii) ordering such other and further relief as is just and proper.

Dated:  August 16, 2016

Respectfully submitted,

/s/ Colin M. Bernardino
Colin M. Bernardino, Esq. (Ga. Bar No. 054879)
(Application for *pro hac vice* admission pending)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  cbernardino@kilpatricktownsend.com

and

Keith Brandofino, Esq. (NY Bar No. KB 2128)
KILPATRICK TOWNSEND & STOCKTON LLP
31  West 52nd Street, 14th Floor
New York, New York  10019
Telephone: (212) 775-8700
Facsimile: (212) 954-5555
Email:  kbrandofino@kilpatricktownsend.com

*Counsel for Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1*

# EXHIBIT A

US2008 11754171 2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | chapter 13 |
| | ) | |
| BOYSIN RALPH LORICK; | ) | Case No. 1-16-43194-nhl |
| CYNTHIA THERESA LORICK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

WHEREAS, this matter came on for a hearing before this Court upon the Motion to Dismiss (the "Motion") filed by Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Movant"); and

WHEREAS, based upon the record before the Court, including the Debtors' admissions in its schedules, the Court finds that as of the date of the filing of the Debtors' petition, the Debtors' noncontingent, liquidated, secured debts exceeded $1,149,525.

NOW, THEREFORE, it is hereby

ORDERED, that the Debtors' case is dismissed.

US2008 11754171 2

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2016, a true and correct copy of the foregoing Motion and Notice were filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in this chapter 13 case.

I further certify that the on August 16, 2016, a true and correct copy of the foregoing Motion and Notice were served upon the parties listed below, via First Class US Mail, postage prepaid.

| | |
|---|---|
| Frank Wharton, Esq.<br>One Pierrepont Plaza, Floor 12<br>300 Cadman Plaza West<br>Brooklyn, New York  11201 | Marianne DeRosa<br>Standing Chapter 13 Trustee<br>125 Jericho Tpke, Suite 105<br>Jericho, New York  11753 |
| United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street<br>Suite 1006<br>New York, New York 10014 | Boysin Ralph Lorick<br>38 Utica Road<br>Edison, NJ 08820 |
| Cynthia Theresa Lorick<br>38 Utica Road<br>Edison, NJ 08820 | |

Dated:  August 16, 2016

                                            /s/ Colin M. Bernardino
                                                Colin M. Bernardino